UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SILVA,

        Plaintiff,

v.

TROY BACON, *et al.*,

        Defendants.

Case No. C19-619-RAJ-MLP

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion to compel discovery. (Dkt. # 41.) Plaintiff requests in his motion that Defendant Troy Bacon be ordered to answer a number of interrogatories from Plaintiff's first set of interrogatories because the answers originally provided to the specified interrogatories (numbers 3, 4, 8 and 16) were evasive and should therefore be treated as a failure to respond pursuant to Fed. R. Civ. P. 37(a)(4). (*See id*.) Defendants argue in their response to Plaintiff's motion to compel that the motion is deficient because Plaintiff made no effort to meet and confer with Defendants regarding the matters in dispute prior to filing his motion to compel as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Dkt. # 45 at 2-4.)

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 1

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." Plaintiff did not provide the requisite certification with his motion to compel nor does it appear from the record that he ever requested a face-to-face meeting with Defendants prior to filing his motion.

The record does reflect that Plaintiff sent Defendants' counsel a letter in early October 2019, prior to filing his motion to compel, in which he complained that Defendant Bacon had not signed his responses to Plaintiff's interrogatories. (*See* Dkt. # 46, Ex. A.) Plaintiff also expressed his dissatisfaction with Defendant Bacon's answers to interrogatory numbers 3 and 16, claiming that the answers were evasive and requesting that the interrogatories be answered with a yes or no. (*Id.*) In addition, Plaintiff advised Defendants that they "may want to rethink #'s 12, 13, 14 and 15," apparently because Plaintiff disagreed with Defendants' responses to his grievances pertaining to matters addressed in those interrogatories. (*Id.*) Plaintiff indicated in his letter that he would move for an order to compel if Defendant Bacon did not sign his interrogatories and/or did not make corrections to the specified interrogatories within seven days. (*Id.*) This letter was not sufficient to satisfy the requirements of LCR 37(a)(1).

In addition to this deficiency which is, by itself, fatal to Plaintiff's motion to compel, there is, in any event, insufficient information in the record to permit the Court to consider the merits of Plaintiff's motion. Plaintiff maintains that Defendant Bacon failed to properly answer specified interrogatories, but he supplies no information regarding the content of either the

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 2

interrogatories in question or the answers provided by Defendant Bacon. Absent such information, it is simply not possible for the Court to render any opinion regarding the sufficiency of the challenged answers.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion to compel discovery (dkt. # 41) is DENIED.

(2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Richard A. Jones.

Dated this 26th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 3