1

2

3

4

5

6       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8   RAMON SILVA,

9                          Plaintiff,           Case No. C19-619-RAJ-MLP

10      v.

11  TROY BACON, *et al*.,                       ORDER DENYING PLAINTIFF'S
                                                MOTIONS TO COMPEL DISCOVERY
                                                AND TO AMEND THE SCHEDULING
12                         Defendants.          ORDER

13

14                      **I.      INTRODUCTION**

15          This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before

16  the Court at the present time on Plaintiff's second motion to compel discovery (dkt. # 66) and on

17  his motion to amend the scheduling order (dkt. # 60). Defendants oppose both of these motions.

18  (*See* Dkt. ## 61, 69.) Also pending at this time are Plaintiff's two motions for summary judgment

19  which are currently ripe for review (dkt. ## 39, 54), and Defendants' motion for summary

20  judgment which is noted for consideration on February 14, 2020 (dkt. # 73). The Court addresses

21  Plaintiff's motions to compel and amend below. The Court will consider the pending summary

22  judgment motions in a separate order.

23  ORDER DENYING PLAINTIFF'S MOTIONS
    TO COMPEL DISCOVERY AND TO AMEND
    THE SCHEDULING ORDER - 1

## II.    DISCUSSION

### A.    Motion to Compel

Plaintiff complains in his motion to compel that Defendants' responses to a number of his discovery requests were evasive and he asks this Court to order Defendants to provide "yes or no" answers to his interrogatories and to provide all records requested in his requests for production. (*See* Dkt. # 66.) The instant motion to compel is substantially similar to Plaintiff's prior motion to compel (dkt. # 41) that the Court denied based on Plaintiff's failure to comply with the "meet and confer" requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1). (Dkt. # 64.) Defendants argue in their response to Plaintiff's second motion to compel that this motion should also be denied pursuant to Fed. R. Civ. P. 37(a)(1) and LCR 37. (Dkt. # 69.)

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." Unlike his first motion to compel, Plaintiff's second motion to compel was accompanied by a certification stating that Plaintiff had met with counsel and attempted to confer regarding the discover responses he believed to be unsatisfactory. (Dkt. # 66 at 4.) Plaintiff claims, however, that he was forced to terminate the meeting after Defendants' counsel became argumentative, emotional, and hostile. (*See id.*)

Defendants' counsel, in a declaration submitted in support of Defendants' response to Plaintiff's motion to compel, acknowledges that she received a letter from Plaintiff on December

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO AMEND
THE SCHEDULING ORDER - 2

4, 2019 asking that she "swing by the jail to meet and confer," and that she appeared at the jail on December 19, 2019 in response to that request. (*See* Dkt. # 70, ¶¶ 10,11 and Ex. D.) According to counsel, Plaintiff behaved inappropriately during the meeting by referring to her "in pejorative sexist terms and making various bodily gestures." (*Id.*, ¶ 11.) Counsel states that she attempted to complete the conference, but Plaintiff declined to discuss each of the discovery requests at issue and abruptly terminated the meeting. (*Id.*) Plaintiff, in his reply brief, again acknowledges that he terminated the meeting, but claims he did so only after counsel became "extremely emotional and argumentative." (Dkt. # 72.) Plaintiff asserts that further discussion became impossible leaving him no option "but to be the bigger person" and terminate the meeting. (*Id.*)

As noted above, the rules require that a party not only meet and confer prior to filing a motion to compel, but that they do so in "good faith." The Court is not persuaded, based on the record before it, that Plaintiff acted in good faith in attempting to resolve his discovery disputes during his meeting with counsel on December 19, 2019. This Court therefore concludes that Plaintiff failed to adequately comply with the requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) and his motion to compel should be denied on that basis.

**B.     Motion to Amend Scheduling Order**

Plaintiff asserts in his motion to amend the scheduling order that he requires an additional thirty days to conduct discovery, and he cites three bases for his request for additional time: (1) Defendants' counsel filed two notices of unavailability which reduced the amount of time he had to conduct discovery; (2) Defendants' evasive responses to his discovery requests required him to seek motions to compel; and, (3) he was transferred to Western State Hospital for two weeks

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO AMEND
THE SCHEDULING ORDER - 3

1  during the discovery period and was unable to conduct discovery because he did not receive any

2  of his mail or have access to his legal supplies. (*See* Dkt. # 60.)

3          Pursuant to Fed. R. Civ. P. 16(b)(4) and LCR 16(b)(6), a scheduling order may only be

4  modified upon a showing of good cause. Plaintiff has not shown good cause for the requested

5  modification. As to Plaintiff's arguments regarding the notices of unavailability filed by

6  Defendants' counsel, the record demonstrates that only one of those notices pertained to time

7  falling within the discovery period and the time at issue was a mere seven business days which is

8  relatively insignificant in the context of discovery as a whole. (*See* Dkt. ## 34, 44.)  Moreover,

9  the fact that counsel indicated her unavailability in no way precluded Plaintiff from continuing to

10  litigate his case, including serving discovery requests on Defendants had he been inclined to do

11  so.[1] To the extent Plaintiff claims his efforts to conduct discovery were hindered by Defendants'

12  evasive responses to his discovery requests, and his need to seek orders compelling discovery,

13  the Court is not persuaded that Defendant's responses were improper or, in any event, that the

14  discovery disputes could not have been resolved in a timely fashion had Plaintiff properly

15  complied with the rules governing discovery disputes.

16          Finally, as to Plaintiff's argument that he requires additional time for discovery because

17  he was unable to conduct discovery during the two weeks he spent at Western State Hospital, the

18  Court notes that Plaintiff has served a substantial number of discovery requests on Defendants

19  during the pendency of this case and he has also managed to file two separate motions for

20  summary judgment. (*See* Dkt. # 62, ¶ 4; Dkt. ## 39, 54.) The Court is not persuaded that

21

22  [1] The parties should be aware that, as of January 1, 2020, notices of unavailability are not required and such notices, if filed, do not alter any dates previously set by the Court or established by the civil rules.  LCR 83.2(c).

23  ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO AMEND
THE SCHEDULING ORDER - 4

Plaintiff's brief absence in November 2019 significantly impacted his ability to obtain relevant discovery or to otherwise litigate this action. In sum, nothing in the record suggests that amendment of the scheduling order is either necessary or appropriate.

### C. Motions for Summary Judgment

As noted above, there are three summary judgment motions currently pending before the Court, two of which are ripe for consideration and one which is not. It is in the interests of judicial efficiency to consider all of the summary judgment motions at the same time. The Court will therefore re-note Plaintiff's summary judgment motions for consideration on the same date as Defendants' summary judgment motion.

### III. CONCLUSION

Based on the foregoing, Plaintiff's second motion to compel discovery (dkt. # 66), and his motion to amend the scheduling order (dkt. # 60), are DENIED. Plaintiff's motions for summary judgment (dkt. ## 39, 54) are RE-NOTED on the Court's calendar for consideration on **February 14, 2020**. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Richard A. Jones.

Dated this 7th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
TO COMPEL DISCOVERY AND TO AMEND
THE SCHEDULING ORDER - 5