1

2

3

4

5                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
6                                   AT SEATTLE

7   RAMON SILVA,

8                            Plaintiff,          Case No. C19-619-RAJ-MLP

9         v.

10  TROY BACON, *et al.*,                        ORDER DENYING PLAINTIFF'S
                                                 MOTION TO COMPEL
11                           Defendants.

12

13        This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before

14  the Court at the present time on Plaintiff's motion to compel Defendants to provide him with

15  additional legal supplies. Plaintiff asserts that Defendants Bacon and Ferreiro have advised him

16  he can have no more paper, envelopes, or erasers despite the fact that he still has two cases

17  pending in this Court. (Dkt. # 93.) Plaintiff claims that he is having to find alternative paper

18  sources in order to submit documents to the Court and that he is just about out of envelopes. (*Id.*)

19        Defendants have filed a response to Plaintiff's motion in which they argue that the

20  motion should be denied because it is devoid of any legal authority supporting the right to

21  additional legal supplies, it lacks evidentiary support, and it was not noted in conformity with

22  LCR 7(d)(3). (Dkt. # 94.) Defendants submitted in support of their opposition brief evidence

23

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 1

1    which appears to confirm that Plaintiff requested additional pro se supplies in late April 2020

2    and was advised by Sergeant Ferreiro that prisoners in civil cases receive a standard issue of pro

3    se supplies and that additional pro se supplies must be paid for by the inmate. (Dkt. # 95, Ex. B.)

4    Plaintiff was then referred to the Inmate Information Handbook for a further explanation of the

5    policy. (*See id*., and Ex. A at 24.)

6        Plaintiff has filed a reply in support of his motion in which he argues that although

7    providing a single set of legal supplies conforms with the King County Department of Adult and

8    Juvenile Detention ("DAJD") Inmate Information Handbook, it does not conform with clearly

9    established precedent governing access to the courts, in particular, *Bounds v. Smith* and *Lewis v.*

10   *Casey*. (Dkt. # 97 at 3.) Plaintiff goes on to assert that Defendants' refusal to provide him

11   additional legal supplies is impeding his ability to litigate properly. (*Id*.)

12       In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court recognized

13   that inmates have a constitutional right of meaningful access to the courts premised on the due

14   process clause. *Id*. at 821. The Supreme Court subsequently made clear that in order to

15   adequately allege a cause of action for deprivation of the right of access to the courts, an inmate

16   must demonstrate that he suffered some actual injury to his right of access. *Lewis v. Casey*, 518

17   U.S. 343 (1996). At this juncture, Plaintiff has not demonstrated any actual injury to his right of

18   access. A review of the record shows that since filing the instant motion, Plaintiff has had

19   sufficient legal supplies to file objections to the pending Report and Recommendation as well as

20   a response to Defendants' objections to the Report and Recommendation. (Dkt. ## 98, 102.) No

21   additional briefing is required in this matter and, thus, there is no reasonable likelihood that

22

23

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 2

1    Plaintiff's ability to litigate this action will be impeded by Defendants' refusal to provide

2    additional legal supplies.

3          The Court also observes that Plaintiff was recently transferred from the King County Jail,

4    the facility which he claims is denying him access to necessary legal supplies, to Western State

5    Hospital. Thus, at this juncture, Plaintiff's access to legal supplies at the King County Jail

6    appears to be a moot issue.

7          Based on the foregoing, the Court ORDERS as follows:

8          (1)    Plaintiff's motion to compel Defendants to provide him with additional legal

9    supplies (dkt. # 93) is DENIED.

10          (2)    The Clerk is directed to send copies of this Order to Plaintiff, to counsel for

11   Defendants, and to the Honorable Richard A. Jones.

12          Dated this 17th day of June, 2020.

13

14                                        _____
                                          MICHELLE L. PETERSON
15                                        United States Magistrate Judge

16

17

18

19

20

21

22

23

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 3