HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SAUL SILVA,

    Plaintiff,

    v.

TROY BACON, *et al.*,

    Defendants.

Case No. 2:19-cv-00619-RAJ

ORDER GRANTING EXTENSION OF TIME TO FILE AN APPEAL

The Court entered judgment in this matter on August 17, 2020. Dkt. # 108. Any notice of appeal had to be filed within 30 days from that judgment, that is, by September 16, 2020. Fed. R. App. P. 4(a)(1)(A). Plaintiff Ramon Saul Silva did not file a notice of appeal by that date. Instead, on the day of the deadline, Mr. Silva moved for an extension of time to file an appeal. Dkt. # 109. That motion is currently before the Court.

Mr. Silva represents that from August 18, 2020 to September 4, 2020 he had been at three different facilities: King County Correctional Facility, Western State Hospital (where he was undergoing a competency evaluation), and the Washington Department of Corrections. *Id.* at 1; Dkt. # 110 at 1-2. Given the many location changes, he says that he did not receive this Court's summary judgment order. Dkt. # 109 at 1-2. Defendants oppose Mr. Silva's request for an extension of time, arguing that he has failed to show good cause or excusable neglect. Dkt. # 110 at 3-4. They suggest that Mr. Silva should have notified the Court and Defendants of his various address changes. *Id.* In any event,

ORDER – 1

1  Defendants argue that this matter is now moot because Mr. Silva is no longer at the King
2  County Correctional Facility and there is no reasonable expectation or demonstrated
3  probability that he will return. *Id.* at 4-5.

4  A district court may extend the time to file a notice of appeal if a moving party
5  shows "excusable neglect" or "good cause." Fed. R. App. P. 4(a)(5). To determine
6  whether there has been excusable neglect, courts assess four factors: "(1) the danger of
7  prejudice to the non-moving party, (2) the length of delay and its potential impact on
8  judicial proceedings, (3) the reason for the delay, including whether it was within the
9  reasonable control of the movant, and (4) whether the moving party's conduct was in
10 good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer
11 Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395
12 (1993)). On balance, the facts here favor an extension. The first factor is neutral.
13 Defendants assert that an extension is prejudicial, but they do not explain why. Dkt.
14 # 110 at 4. On the other hand, the last three factors favor Mr. Silva—he filed this motion
15 within the notice of appeal period, minimizing any delay; he could not file a timely notice
16 of appeal because he did not receive this Court's order and judgment for he was being
17 transferred to different facilities, something he could not control; and there is no evidence
18 suggesting that his delay was the result of bad faith. In sum, Mr. Silva's neglect to file a
19 timely notice of appeal was excusable.

20 Separately, as to Defendants' mootness argument, the Court need not decide that
21 here. On this record, the Court cannot say with certainty that Mr. Silva has no
22 "reasonable expectation" or "demonstrated probability" of returning to King County
23 Correctional Facility. And at issue here is not whether Mr. Silva's appeal will be
24 successful but whether Mr. Silva may file an appeal at all.
25 / / /
26 / / /
27 / / /
28 ORDER – 2

For these reasons, the Court **GRANTS** Mr. Silva's Motion for Extension of Time to File an Appeal. Dkt. # 109. In accordance with Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure, Mr. Silva must file his notice of appeal within 14 days of the entry of this order.

DATED this 16th day of October, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3