1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   RAMON SILVA,

9                              Plaintiff,          Case No. C19-619-RAJ-MLP

10       v.

11   TROY BACON, *et al*.,                         ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR LEAVE TO FILE
12                            Defendants.          SECOND SUMMARY JUDGMENT
                                                   MOTION AND DENYING
13                                                 PLAINTIFF'S PENDING MOTIONS

14                    **I.      INTRODUCTION**

15           This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the

16   Court at the present time on Plaintiff's motions to appoint counsel (dkt. # 113) and to re-open

17   discovery (dkt. # 119), and on Defendant Bacon's motion for leave to file a second summary

18   judgment motion (dkt. # 126). Defendant has filed responses opposing both of Plaintiff's

19   pending motions (dkt. ## 114, 120), and Plaintiff has filed reply briefs in support of both motions

20   (dkt. ## 118, 121). Plaintiff has not filed any response to Defendant's motion. The Court

21   addresses each of the pending motions below.

22

23   ORDER GRANTING DEFENDANT'S MOTION
     FOR LEAVE TO FILE SECOND SUMMARY
     JUDGMENT MOTION - 1

**A.      Defendant's Motion to File Second Summary Judgment Motion**

Defendant Bacon seeks leave of Court to file a second summary judgment motion in this case. (Dkt. # 126.) Plaintiff alleged in his amended complaint, the operative complaint in this action, that Defendants violated his rights under the First and Fourteenth Amendments, and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., when they denied him his religious diet and items required by his religion for use during prayer. (Dkt. # 8 at 3-5.) Plaintiff identified King County Correctional Facility employees Troy Bacon, Garrett Ferreiro, Todd Clarin, and Dale Porter as Defendants in his amended pleading, and he requested injunctive relief and damages. (*See id*. at 1-2, 7.) Both sides moved for summary judgment, and those motions have all been resolved. (*See* Dkt. ## 39, 54, 73, 96, 107.) What remains at this juncture is a single claim against a single Defendant; *i.e.*, Plaintiff's RLUIPA claim pertaining to his request for scented prayer oils asserted against Defendant Bacon.

Defendant Bacon now argues that there are meritorious issues warranting the Court's consideration which justify his filing of a second summary judgment motion, including that he was not responsible for denying Plaintiff's request for scented oils and the responsible Defendant, Garrett Ferreiro, has been dismissed from the case. (Dkt. # 126 at 3.) Defendant Bacon also argues that, assuming there are grounds to hold him liable, the Court should evaluate whether dismissal is proper on the grounds of qualified immunity. (*Id*.)

The Ninth Circuit has held that district courts have discretion to entertain second motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 910 (9th Cir. 2010). "[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE SECOND SUMMARY
JUDGMENT MOTION - 2

'just, speedy, and inexpensive' resolution of suits." *Id.* at 911 (quoting Fed. R. Civ. P. 1); *id.* at 912 ("Allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial."). In exercising its discretion on this question, the court may consider the following factors: "(1) an intervening change in controlling law, (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." *Kische USA LLC v. Simsek*, 2017 WL 5881322, at *3 (W.D. Wash. November 29, 2017).

Defendants' original summary judgment motion was neither as comprehensive nor as well reasoned as it might have been which gives the Court pause in authorizing the filing of a second such motion. There are, however, issues which merit additional review. In particular, the Court notes that Defendants raised the issue of qualified immunity in their original summary judgment motion, albeit in a very cursory fashion, but the Court did not reach that issue. It would be appropriate for the Court to consider whether Defendant Bacon is entitled to qualified immunity before this action proceeds further, though additional briefing on the matter would certainly be beneficial.

Relatedly, if the Court is going to consider whether Defendant Bacon is entitled to qualified immunity, a necessary predicate question is whether Defendant Bacon is even the responsible Defendant for purposes of Plaintiff's remaining claim. Because permitting Defendant to file a successive summary judgment motion would allow the Court to address issues it did not previously reach, and because it could also potentially save all concerned the far greater expense of a trial, *see Hoffman*, 593 F.3d at 912, the Court deems it appropriate to grant Defendant Bacon leave to file a second motion for summary judgment.

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE SECOND SUMMARY
JUDGMENT MOTION - 3

**B.** **Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel for the second time in this action. (Dkt. # 113.) The Court denied Plaintiff's original motion, which was filed at the outset of this case, because Plaintiff failed to demonstrate that this case involved exceptional circumstances warranting the appointment of counsel. (Dkt. ## 1-6, 5.) Plaintiff now argues that appointment of counsel is appropriate because he is not formally trained in the law and does not understand what he needs to do to properly represent himself at trial. (Dkt. # 113 at 1.) He also asserts that he is currently suffering from a major depressive disorder which renders him largely incapable of performing daily activities and makes it impossible to go to the law library to study. (*Id*. at 2.)

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

At this point Plaintiff's primary concern appears to be his ability to represent himself at trial given there is a single remaining claim that survived summary judgment. However, because the Court has determined that it is appropriate to grant Defendant Bacon the opportunity to file a second motion for summary judgment, any concerns Plaintiff has about his ability to represent himself at trial are premature. Plaintiff has demonstrated ample ability throughout this case to

1   articulate his claims and to engage in motion practice without the assistance of counsel, and the

2   single remaining legal issue is not particularly complex. The Court therefore perceives no need

3   to appoint counsel to aid Plaintiff in the upcoming final phase of dispositive motions. The Court

4   is also not persuaded at this juncture that Plaintiff's likelihood of success on his remaining claim

5   is sufficiently high to justify appointment of counsel.

6          **C.**    **Plaintiff's Motion to Re-Open Discovery**

7         Plaintiff also moves to re-open discovery for a period of thirty days. (Dkt. # 119.) He

8   asserts that this is necessary because he was transferred multiple times during the discovery

9   phase of the case which deprived him of time to conduct discovery. (*Id.*) He further asserts that

10  during the process of being transported to the Department of Corrections he lost his entire case

11  file, including Defendants' responses to his discovery requests, and that he needs these materials

12  to present evidence at trial. (*Id.*) To the extent Plaintiff bases his request to re-open discovery on

13  alleged interferences with his ability to conduct discovery during the original discovery period,

14  the Court previously addressed such claims and deemed them to be without merit. (*See* Dkt. # 80

15  at 3-5.) The Court will not revisit such claims here. To the extent Plaintiff bases his request to re-

16  open discovery on the fact that evidence collected during the original discovery period, and

17  which he now needs for trial, has been lost, the Court defers resolution of that issue as it remains

18  uncertain whether this case will proceed to trial.

19                                  **III.**    **CONCLUSION**

20        Based on the foregoing, Defendant Bacon's motion for leave to file a second motion for

21  summary judgment (dkt. # 126) is GRANTED, and Plaintiff's motions to appoint counsel (dkt. #

22  113) and to re-open discovery (dkt. # 119) are DENIED. Defendant shall file any second motion

23  ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE SECOND SUMMARY
JUDGMENT MOTION - 5

1   for summary judgment not later than ***March 30, 2021***. The Clerk is directed to send copies of

2   this Order to Plaintiff and to the Honorable Richard A. Jones.

3          DATED this 22nd day of February, 2021.

4

5

6          MICHELLE L. PETERSON
           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING DEFENDANT'S MOTION
FOR LEAVE TO FILE SECOND SUMMARY
JUDGMENT MOTION - 6