UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SILVA,

                Plaintiff,

v.

TROY BACON, *et al.*,

                Defendants.

Case No. C19-619-RAJ-MLP

REPORT AND RECOMMENDATION

### I. INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Ramon Silva is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He filed the instant action in April 2019 while he was confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. Plaintiff asserts in this action that his rights under the First and Fourteenth Amendments, and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., were violated when Defendants denied him his religious diet and items required by his religion for use during prayer. (Dkt. # 8 at 3-5.) Plaintiff identifies KCCF employees Troy Bacon, Garrett Ferreiro, Todd

REPORT AND RECOMMENDATION - 1


Clarin, and Dale Porter as Defendants, and he requests both injunctive relief and damages. (*See id*. at 1-2.)

At this juncture, all that remains is Plaintiff's claim that Defendant Bacon violated his rights under RLUIPA when he denied Plaintiff's request for scented prayer oils. (*See* Dkt. # 107, ¶ 5.) Defendant Bacon has filed a motion for summary judgment seeking dismissal of this claim. (Dkt. # 129.) Also pending are Plaintiff's motion for leave to file a successive summary judgment motion and Plaintiff's motion for leave to amend his complaint. (Dkt. ## 128, 137.) Plaintiff has filed a response in opposition to Defendant's motion for summary judgment (dkt. # 133), and Defendant has filed a reply brief in support of his motion (dkt. # 134). Defendant has also filed a response in opposition to Plaintiff's motion for leave to amend (dkt. # 140), but has not weighed in on Plaintiff's motion for leave to file a successive motion for summary judgment.

The Court, having now reviewed all pending motions, the applicable law, and the remaining record, concludes that Defendant Bacon's motion for summary judgment should be granted, Plaintiff's pending motions should be denied, and Plaintiff's amended complaint and this action should be dismissed, with prejudice, as to Plaintiff's remaining RLUIPA claim pertaining to scented prayer oils.

## II.     BACKGROUND

Plaintiff is currently in the custody of the Washington Department of Corrections ("DOC") serving an 84-month sentence imposed in November 2018 following his conviction in King County Superior Court on a domestic violence related assault charge. (*See* Dkt. # 131, Declaration of Karen Richardson, Ex. A.) Plaintiff, who had been transferred into DOC custody following his sentencing in the domestic violence assault case, was returned to KCCF in February 2019 and booked into the facility on a custodial assault charge arising out of an

REPORT AND RECOMMENDATION - 2

incident that occurred during his prior period of incarceration at KCCF. (*See* Dkt. # 130, Declaration of Todd Clark, ¶ 2.) Following his return to KCCF, Plaintiff began requesting accommodations for a religion he created in December 2018 while he was in DOC custody that he named "The Keepers of the Light." (*See* Dkt. # 4 at 6; Dkt. # 74, Ex. H.) Plaintiff's requests for accommodations were by and large denied, thus giving rise to the instant action.

Plaintiff filed this action on April 25, 2019. (*See* Dkt. # 1.) He alleged in his original complaint that Defendants had violated his federal constitutional rights and RLUIPA by forcing him to remove his religiously mandated head covering and by interfering with his right to petition for redress of grievances. (*See* Dkt. # 4 at 13-15.) Plaintiff subsequently filed an amended complaint in which he asserted claims pertaining to only one of the four named defendants, KCCF Captain Troy Bacon. (Dkt. # 8.) Specifically, Plaintiff asserted that Defendant Bacon had violated his First and Fourteenth Amendment rights and RLUIPA by denying him a diet required by his religion. (*Id*. at 3.) Plaintiff also asserted that Defendant Bacon had violated his First Amendment rights and RLUIPA by denying him access to items required by his religion for use during prayer, including scented oils, music, and marijuana. (*Id*. at 4-5.)

The parties filed cross-motions for summary judgment in late 2019 and early 2020 (dkt. ## 39, 54, 73), and Plaintiff's First Amendment claims pertaining to the alleged denial of his religious diet, scented prayer oils, music, and marijuana were thereafter dismissed, as were Plaintiff's RLUIPA claims pertaining to the alleged denial of his religious diet, music, and marijuana (dkt. ## 96, 107). Plaintiff's RLUIPA claim pertaining to the scented oils was not disposed of because the parties failed to adequately address the claim in their motion papers. (*See id*.)

REPORT AND RECOMMENDATION - 3

New counsel subsequently appeared on behalf of Defendant Bacon and requested leave to file a second summary judgment motion addressing Plaintiff's scented oil claims. (Dkt. ## 122, 126.) Defendant's request was granted and, shortly thereafter, Plaintiff filed his own motion seeking leave to file a successive motion for summary judgment. (Dkt. # 128.) That motion remains pending and will be addressed below. Defendant Bacon then filed his second motion for summary judgment, to which Plaintiff filed a response. (Dkt. ## 129, 133.) After briefing on Defendant's motion was complete, Plaintiff filed a motion seeking leave to file an amended complaint, essentially in response to arguments made by Defendant in his summary judgment motion. (Dkt. # 137.) That motion likewise remains pending and will be addressed below.

### III.    DISCUSSION

#### A.    Defendant Bacon's Summary Judgment Motion

##### *1.    Summary Judgment Standard*

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of

REPORT AND RECOMMENDATION - 4

material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*. at 585-87.

In supporting a factual position, a party must "cit[e] to particular parts of materials in the record . . .; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. "[T]he requirement is that there be no *genuine* issue of material fact. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003).

2.   Analysis

Defendant Bacon argues in his summary judgment motion that Plaintiff's claims related to the scented prayer oils issue should be dismissed for the following reasons: (1) Plaintiff's

REPORT AND RECOMMENDATION - 5

claims for injunctive relief are moot because Plaintiff has been transferred out of KCCF to a state facility; (2) Plaintiff has no claim for damages against Defendant under RLUIPA because the statute does not authorize suits against government officials in their individual capacity; (3) Defendant is entitled to qualified immunity; and, (4) precluding Plaintiff from possessing scented oils was reasonably related to KCCF's legitimate interests in maintaining institutional safety and security.[1] (Dkt. # 129 at 2.) The Court need only address Defendant's first two arguments.

i. Claim for Injunctive Relief

Defendant argues that the Court should dismiss Plaintiff's claim for injunctive relief because Plaintiff left KCCF in early September 2020 to begin serving his 84-month prison sentence and his request for injunctive relief is therefore moot. (*Id*. at 5.) A prisoner's claims for injunctive relief based on the conditions in a specific facility are rendered moot once he or she is transferred from that facility, unless the prisoner can demonstrate a reasonable expectation of returning to the original facility. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). The burden of showing a reasonable expectation of returning to the original facility is firmly on the plaintiff. *Nelsen v. King County*, 895 F.2d 1248, 1251 (9th Cir. 1990); *see also Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985).

Plaintiff asserts in his response to Defendant's motion that his request for injunctive relief is not moot. (Dkt. # 133 at 1-2.) He argues that he is to be released from prison in October 2022, and he expects the "third strike charges" which were recently dismissed because of his incompetency may be reinstated once he has completed his prison sentence which would result

---

[1] Defendant appears to be under the misapprehension that both Plaintiff's First Amendment claim and his RLUIPA claim pertaining to the scented prayer oils are still before the Court. As noted above, Plaintiff's First Amendment claim pertaining to scented prayer oils was previously dismissed and the Court therefore addresses only Plaintiff's RLUIPA claim as that is the only claim remaining in this action.

REPORT AND RECOMMENDATION - 6

in a return to KCCF custody. (*See id*. at 1.) Plaintiff further argues that even if the dismissed charges are not re-filed, given that he will be on community custody supervision upon his release from prison, and given his history of violating his community custody supervision and being reincarcerated, it is "reasonably likely" that he will return to KCCF in the near future. (*Id*. at 2.) Plaintiff's suggestion that he will be returned to KCCF in the near future is speculative at best and insufficient to preserve his request for injunctive relief. Plaintiff's claim for injunctive relief with respect to his remaining RLUIPA claim should therefore be dismissed.

ii.   Claim for RLUIPA Damages

Defendant next argues that the Court should dismiss Plaintiff's RLUIPA claim for damages because Plaintiff is seeking damages against Defendant Bacon in his individual capacity and the statute does not allow damage claims against individual defendants. (Dkt. # 129 at 5-6.) RLUIPA provides in relevant part that "[n]o [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows the burden furthers "a compelling governmental interest" and is the "least restrictive means" of furthering that interest. 42 U.S.C. § 2000cc-1(a); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005). The Ninth Circuit has made clear that RLUIPA does not authorize suits against government employees in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Individuals acting under color of state law are thus brought within the purview of the Act only as a part of the definition of "government." *Id*.

Defendant notes that Plaintiff, in the caption of his amended complaint, identifies four KCCF employees as Defendants and that beneath the caption he states generally that he is suing the named Defendants "individually and officially." (Dkt. # 129 at 5.) However, in the body of his complaint, Plaintiff states that he is seeking "nominal, punitive, and exemplary damages

REPORT AND RECOMMENDATION - 7

against [Defendant Bacon] in his individual capacity" with respect to his religious accessories claim. (*Id*. at 7.) Defendant argues that the allegations in the body of the complaint, rather than the caption, control the identification of parties and the capacity in which they are sued. (*Id*. at 5-6.)

Plaintiff argues that he "clearly" put Defendant and the Court on notice that he was suing Defendant in his individual and official capacities, and that because he put the "individually and officially" language *beneath* the caption and not *in* the caption, Defendant's argument that the caption does not control the identification of the parties and the capacity is unavailing. (Dkt. # 133 at 2.) Plaintiff also appears to suggest that he should be granted some leeway with respect to the identification and capacity of the parties because he is proceeding *pro se*. (*Id*.)

In *Kentucky v. Graham*, 473 U.S. 159 (1985), the Supreme Court addressed the differences between individual and official capacity suits. The Court explained that a personal capacity suit "seek[s] to impose personal liability upon a government official for actions he takes under color of state law[,]" while an official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id*. at 165-66 (citations and internal quotation omitted). The Court went on to explain that

> On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. . . . More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation . . . ; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. . . .

*Id*. at 166 (emphasis in original) (internal citations omitted).

Plaintiff specifically alleges in his amended complaint that Defendant Bacon violated RLUIPA by "refusing to allow the plaintiff to practice his religion by denying him mandatory

REPORT AND RECOMMENDATION - 8

items required by his religion for use during prayer." (Dkt. # 8 at 5.) This is very much an individual capacity claim. Plaintiff does not reference in his pleading any policy or custom of the governmental entity, in this case King County, nor do any of his allegations suggest that the entity was the "moving force" behind the alleged deprivation. The mere fact that Plaintiff included the phrase "individually and officially" on the first page of his amended pleading, whether or not the language can be properly construed as a part of the caption, simply cannot control when Plaintiff does not allege in the body of his complaint any viable official capacity claim. As Plaintiff brings only an individual capacity RLUIPA claim against Defendant Bacon, and as RLUIPA does not authorize suits against government employees in their individual capacity, Plaintiff's RLUIPA damages claim against Defendant Bacon must necessarily be dismissed.

### B. Plaintiff's Pending Motions

#### 1. Motion to File Successive Summary Judgment Motion

As noted above, shortly after the Court granted Defendant Bacon leave to file a second summary judgment motion, Plaintiff filed a motion seeking leave to file a successive summary judgment motion as well. (Dkt. # 128.) Plaintiff asserts in his motion that because of several transfers between KCCF and Western State Hospital, he received answers to interrogatories propounded on Defendants well after the deadline to file dispositive motions. (*Id*.) Plaintiff claims that he now has new evidence that was not previously available to him and that it was not until the Court granted Defendant leave to file a second summary judgment motion that he became aware this was a possibility. (*Id*.) Plaintiff maintains that a successive summary judgment motion will allow the Court to address issues it did not previously reach, and that

REPORT AND RECOMMENDATION - 9

doing so "could potentially save the public greater expense at trial." (*Id*.) Defendant did not respond to this motion.

While Plaintiff claims he has new evidence that could potentially preclude this case from proceeding to trial, he does not identify that evidence nor does he explain what claim(s) it may pertain to. A majority of Plaintiff's claims have already been dismissed and any "new evidence" pertaining to those claims is irrelevant at this juncture as Plaintiff did not timely seek reconsideration of the Court's ruling dismissing those claims. With respect to the single remaining claim, Plaintiff's RLUIPA claim pertaining to the scented prayer oils, the Court presumes that if Plaintiff had new evidence relevant to that claim, he would have presented it in conjunction with his response to Defendant Bacon's second summary judgment motion. That Plaintiff did not do so suggests that any new evidence does not pertain to the only claim remaining in this action. Plaintiff's motion for leave to file a successive summary judgment motion in order to present new evidence should therefore be denied.

          2.     *Motion to Amend Complaint*

Plaintiff has also filed a motion seeking leave to file an amended complaint. (Dkt. # 137.) Plaintiff indicates in his complaint that he wishes to amend his complaint to include a request for "declaratory relief" and to add an "official capacity" designation for Defendant Bacon. (*See id*.) Defendant opposes Plaintiff's request for leave to amend on the grounds that Plaintiff failed to comply with Local Civil Rule ("LCR") 15 which requires that a party seeking amendment "attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." (Dkt. # 140.) The record confirms that Plaintiff did not submit a proposed amended complaint to the Court with his motion which renders the motion procedurally defective and precludes any further review by the Court.

REPORT AND RECOMMENDATION - 10

The Court does, however, observe that the amendments Plaintiff proposes would, in any event, be futile. It would serve no purpose to allow Plaintiff to add a claim for declaratory relief given that he is no longer confined at KCCF and any request for declaratory relief would therefore be effectively moot at this juncture. *See Kasza v. Browner*, 133 F.3d 1159, 1172-73 (9th Cir. 1998). It would likewise serve no purpose to allow Plaintiff to add an official capacity designation for Defendant Bacon given that Plaintiff has not adequately alleged any official capacity claim pertaining to the denial of the scented prayer oils. Plaintiff's motion to amend should therefore be denied.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Defendant Bacon's motion for summary judgment (dkt. # 129) be granted, that Plaintiff's pending motions (dkt. ## 128, 137) be denied, and that Plaintiff's amended complaint (dkt. # 8) and this action be dismissed with prejudice as to Plaintiff's remaining RLUIPA claim pertaining to the scented prayer oils. A proposed order accompanies this Report and Recommendation.

//
//
//
//
//
//
//
//
//

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 16, 2021**.

DATED this 21st day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12